NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| INDIAN HARBOR INSURANCE CO., | : | |
| Plaintiff, | : | Civil Action No. 13-cv-1889 (JAP) |
| v. | : | **OPINION** |
| NL ENVIRONMENTAL MANAGEMENT SERVICES, INC., et al., | : | |
| Defendants. | : | |

PISANO, District Judge

Presently before the Court is Defendant, NL Environmental Management Services, Inc.'s ("NL Environmental") motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), or in the alternative, Summary Judgment pursuant to Rule 56 [docket #63]. Plaintiff, Indian Harbor Insurance Co. ("Plaintiff") and co-Defendants, Sayreville Seaport Associates, L.P. ("SSA"), Brian O'Neill, O'Neill Properties Group, L.P., Sayreville Seaport Associates Acquisition Company, LLC, Merion Construction Management, LLC, and Prudential Insurance Company of America, oppose this motion [docket #80 and #81]. Bank of America, N.A. has also joined in SSA's opposition [docket #85]. Plaintiff has also made a cross-motion for Judgment on the Pleadings pursuant to Rule 12(c), or in the alternative, Summary Judgment pursuant to Rule 56 [docket #80]. NL Environmental opposes this motion [docket #86]. The Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons that follow, this Court DENIES both Plaintiff and NL Environmental's motion(s) for Judgment on the Pleadings, or alternatively, Summary Judgment [docket #63 and #80].

## I.      BACKGROUND

The insurance policy at issue has its origin in the settlement of litigation related to the Sayreville Economic and Redevelopment Agency's ("SERA") acquisition by eminent domain of a 440-acre property located along the banks of the Raritan River in Sayreville, New Jersey (the "Sayreville Site").  The Sayreville Site has been the subject of litigation in New Jersey State and federal courts for more than a decade.[1]  The litigation has involved, among other things, issues regarding eminent domain and environmental remediation of the site.

As a result of the ongoing litigation, a settlement agreement was ultimately reached in 2008 between SSA, NL Environmental, NL Industries, Inc., SERA, and the County of Middlesex ("the County"), and several amendments to the agreement were exchanged between the parties. Pursuant to the settlement agreement, the Sayreville Site was condemned and funds were provided for SSA and SERA's remediation and development of the site.   The settlement agreement provided that SSA would obtain an environmental insurance policy covering the Sayreville Site and that the policy would name, as additional named insureds, SSA, NL Environmental, NL Industries, Inc., SERA, and the County, among others.   Throughout negotiations, the parties to the settlement agreement – SSA, NL Environmental, NL Industries, Inc., SERA, and the County - referred to it as a "four party" agreement, treating NL Environmental and NL Industries, Inc. as if they were one party (the "NL Companies"). *Declaration of Jonathan H. Spergel* ("Spergel Dec."), ¶ 4.

---

[1] The Court need not go into detail regarding the substance of the ongoing litigation between the parties, as the facts are largely irrelevant to the issue before the Court.

After the settlement was reached, Plaintiff issued the insurance policy on October 15, 2008, that provides coverage to certain parties for certain liabilities related to sediment contamination and natural resource damages in the Raritan River.  See *Affidavit of Patrick M. Flynn, Esq.* ("Flynn Aff.") at Exh. A.  Pursuant to Endorsement #001 of the policy, the NL Companies are listed *separately* as additional named insureds.  *Flynn Aff.*, at Exh. A Endorsement #001 ("The following are included as an ADDITIONAL NAMED INSURED: . . . NL INDUSTRIES, INC. [and] . . . NL ENVIRONMENTAL MANAGEMENT SERVICES, INC.").  Endorsement #022 and Endorsement #023 of the policy provide for exclusions of coverage as it relates to "Raritan river sediment and tidal wetland sediment claims," and to "natural resource damages" claims, respectively.  There, however, Endorsement #022 provides for exclusions "[s]olely as respects NL Industries . . ." and Endorsement #023 provides for exclusions "[s]olely with respects [*sic*] to NL Industries, Inc. . . ."  *Flynn Aff.*, at Exh. A Endorsements #022 and #023.

The discrepancy between how the NL Companies are listed throughout the policy provides the basis for the instant litigation because in 2009, the NL Companies were each named as defendants in *Raritan Baykeeper v. NL Industries*, Civil Action No. 09-4117 ("*Raritan Baykeeper* action"), where the plaintiffs sought to require the NL Companies to remediate contaminated sediments in the Raritan river.  Compl. ¶ 29-30.  Pursuant to the Endorsements referenced above, Plaintiff disclaimed coverage related to the *Raritan Baykeeper* action for both NL Industries, Inc. and NL Environmental and filed this suit seeking a declaratory judgment that neither of the NL Companies are entitled to coverage and the insurance policy should be reformed to reflect the same.  Compl. ¶ 31.

In support of this argument, Plaintiff and SSA contend that throughout the settlement negotiations and drafting of the insurance policy, it was the intent of the parties to treat the NL Companies as one entity and provide the same coverage and exclusions to both.  Compl. ¶ 41. Plaintiff and SSA allege that this is evidenced by the fact that the settlement agreement was referred to as a "four party agreement" because if the parties intended to treat the NL Companies separately, there would have been five parties. *Spergel Dec.*, ¶ 4. Plaintiff and SSA argue that solely listing "NL Industries" or "NL Industries, Inc." as excluded from coverage in Endorsement #022 and #023 was merely scrivener's error and because of this mistake, the writing does not accurately reflect the parties agreement and should be reformed to also include exclusions as to NL Environmental.

NL Environmental claims that the insurance policy is clear and explicit with respect to excluding coverage solely for NL Industries, Inc. and therefore the language of the policy itself establishes that there was no mistake.  Further, NL Environmental asserts that, to the extent there was a mistake, it is the result of Plaintiff's negligence and the mistake was not mutual so as to justify reformation.  NL Environmental asserts that throughout the months of negotiations and exchanges of policy drafts, it understood that the NL Companies would each be separate additional named insureds, but that the exclusion Endorsements #022 and #023 would apply solely to NL Industries, Inc.  NL Environmental argues that allowing Plaintiff to reform the policy would be unfair because it accepted other terms proposed by Plaintiff in recognition of the benefits NL Environmental was being offered.

II.     **DISCUSSION**

   a.     **Legal Standard**

Judgment on the pleadings pursuant to Rule 12(c), "will only be granted where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law."  *DiCarlo v. St. Mary Hosp.,* 530 F.3d 255, 259 (3d Cir.2008). Where the movant alleges that the complaint fails to state a claim upon which relief can be granted, the court applies the same standards as under Rule 12(b)(6).  *Turbe v. Government of Virgin Islands,* 938 F.2d 427, 428 (3d Cir.1991); *Spruill v. Gillis,* 372 F.3d 218, 223 n. 2 (3d Cir.2004) (applying Rule 12(b)(6) standard to Rule 12(c) motion).

In order to give defendant fair notice, and to permit early dismissal if the complained-of conduct does not provide adequate grounds for the cause of action alleged, a complaint must allege, in more than legal boilerplate, those facts about the conduct of each defendant giving rise to liability. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Fed.R.Civ.P. 8(a) and 11(b) (3).  These factual allegations must present a plausible basis for relief (i.e., something more than the mere possibility of legal misconduct).  *See Ashcroft v. Iqbal,* 556 U.S. 662, 681, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  In its review of a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff."  *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir.2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n. 7 (3d Cir.2002)).

In ruling on a Rule 12(b)(6) motion to dismiss, a district court may not consider matters extraneous to the pleading sought to be dismissed.  *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997).  Rule 12(d) provides that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule

56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

As a general rule, a district court considering a 12(b)(6) motion to dismiss relies on "the complaint, attached exhibits, and matters of public record." *Sands v. McCormick,* 502 F.3d 263, 268 (3d Cir.2007); *see also In re Burlington Coat Factory,* 114 F.3d at 1425 (deciding that the district court, in ruling on a motion to dismiss, should not have considered information from the brief supporting the motion to dismiss).

Alternatively, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Where the nonmoving party bears the burden of persuasion at trial, the moving party may be entitled to summary judgment merely by showing that there is an absence of evidence to support an essential element of the nonmoving party's case. Fed.R.Civ.P. 56(c)(1) (B); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The summary judgment standard does not change when the parties have filed cross-motions for summary judgment. *See Appelmans v. City of Phila.,* 826 F.2d 214, 216 (3d Cir.1987). Cross-motions for summary judgment:

> are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.

*Transportes Ferreos de Venezuela II CA v. NKK Corp.,* 239 F.3d 555, 560 (3d Cir.2001) (citing *Rains v. Cascade Indus., Inc.,* 402 F.2d 241, 245 (3d Cir.1968)). If review of cross-motions for summary judgment reveals no genuine issue of material fact, then judgment may be entered in favor of the party deserving of judgment in light of the law and undisputed facts. *See Iberia*

*Foods Corp. v. Romeo Jr.,* 150 F.3d 298, 302 (3d Cir.1998) (citing *Ciarlante v. Brown & Williamson Tobacco Corp.,* 143 F.3d 139, 145–46 (3d Cir.1988)).

      **b.**       **Analysis[2]**

"The 'thrust of a reformation claim is that a writing does not set forth the actual agreement of the parties.'" *O'Brien v. Argo Partners, Inc.*, 736 F. Supp. 2d 528, 536 (E.D.N.Y. 2010) (quoting *Chimart Assocs. v. Paul*, 498 N.Y.S.2d 344, 347 (1986)). Reformation is warranted where there is a mutual mistake and "the written agreement contradicts the intent of both parties, . . ." or where there has been fraud and, "unknown to one party but known to the other (who has misled the first), the subsequent writing does not properly express that agreement." *Id.* (citing *AMEX Assurance Co. v. Caripides*, 316 F.3d 154, 161 (2d Cir. 2003). Reformation is granted for the purpose of restating "the intended terms of an agreement when the writing that memorializes the agreement is at variance with the intent of both parties." *Id.* (citing *George Backer Mgmt Corp. v. Acme Quilting Co., Inc.*, 46 N.Y.2d 211, 413 N.Y.S.2d 135 (1978).

NL Environmental argues that because the policy is clear and unambiguous with respect to excluding coverage only for NL Industries, Inc., there is no mistake and the policy cannot be reformed. However, "[r]eformation of contract ... is not a matter of resolving [whether there is] an ambiguity in a contract but rather of supplying what the parties clearly intended to include but inadvertently omitted." *Citibank, N.A. v. Morgan Stanley & Co. Int'l, PLC*, 797 F. Supp. 2d 254, 264 (S.D.N.Y. 2011). Further, "[m]utual mistake does not necessarily require overt mistakes by both parties. Rather, if it is apparent that an innocent mistake occurred with respect to a named insured *and* it is evident that the parties intended to cover [or exclude] the risk, the error may be

---

[2] The policy provides - and the parties do not dispute - that New York law governs the substantive issues presently before the Court. See *Flynn Aff.*, at Exh. A § IX.L.

deemed mutual for purposes of reformation. . . ."  *D.F. Realty LLC v. Sec. Mut. Ins. Co.*, 18 Misc. 3d 1101(A), 856 N.Y.S.2d 23 (Sup. Ct. 2007) (internal citation omitted).

In order to state a claim for reformation, a complaint "must set forth (1) an agreement other than that expressed in the instrument; (2) the written instrument sought to be reformed; and (3) mutual mistake of the parties, or the mistake of one party and the fraud of the other." *Citibank, N.A. v. Morgan Stanley & Co. Int'l, PLC*, 724 F. Supp. 2d 407, 415 (S.D.N.Y. 2010)(internal citation omitted).  Here, Plaintiff has alleged in its complaint that: (1) the parties had an agreement other than that expressed in the insurance policy; (2) Endorsement #022 and #023 of the insurance policy should be reformed; and (3) the mutual mistake of the parties was a scrivener's error by failing to list NL Environmental in addition to NL Industries, Inc. in the exclusions of coverage provided for by Endorsement #022 and #023.  The Court is satisfied that Plaintiff has met the pleading standard required by Rule 12(b)(6).

Moreover, on this record, there is no proof supporting a conclusion other than Plaintiff's failure to include NL Environmental in Endorsements #022 and #023 was an innocent mistake. Thus, the question is whether the parties – particularly, Defendant NL Environmental – intended to be excluded from coverage as stated in Endorsement #022 and #023.   While NL Environmental contends that the Court is limited to the four corners of the insurance policy in determining whether it reflects the parties' intent, New York law provides that "all writings forming part of a single transaction are to be read together." *This Is Me, Inc. v. Taylor*, 157 F.3d 139, 143 (2d Cir. 1998)(internal citation omitted); see also, *Nau v. Vulcan Rail & Constr. Co.*, 286 N.Y. 188, 197, 36 N.E.2d 106, 110 (1941)(holding that where "instruments were executed at substantially the same time, related to the same subject-matter, [they] were contemporaneous writings and must be read together as one.").

Here, genuine issues of fact exist as to whether the "four-party agreement" and the insurance policy at issue are writings which form part of a single transaction and are required to be construed together. The documents seemingly provide conflicting interpretations of the scope of insurance coverage the parties intended to extend to NL Environmental, and also raise genuine disputes of fact as to whether NL Environmental was merely a third party beneficiary to the policy. Further, NL Environmental's assertion that the Court is limited to the four corners of the insurance policy is misguided, "[a]s the thrust of a reformation claim is that the writing does not accurately set forth the agreement reached by the parties, [therefore,] neither the parol evidence rule nor the Statute of Frauds bars proof of the actual agreement." *Winmar Co., Inc. v. Teachers Ins. & Annuity Ass'n of Am.*, 870 F. Supp. 524, 535 (S.D.N.Y. 1994). To date, no discovery has taken place and it is clear that a genuine dispute of fact exists with regard to the most critical fact at issue: whether the parties intended to exclude both NL Environmental and NL Industries, Inc. from coverage as provided for in Endorsement #022 and #023. Thus, summary judgment is premature and the parties should be allowed the opportunity to conduct discovery in order to develop evidence and a record which demonstrates the parties' true intent. See *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.")

## III.    CONCLUSION

For the foregoing reasons, this Court DENIES NL Environmental's motion for judgment on the pleadings or alternatively summary judgment [docket #63] and further DENIES Plaintiff's cross-motion for judgment on the pleadings or alternatively summary judgment [docket #80]. An appropriate Order accompanies this Opinion.

Date:  February 25, 2014                          /s/ Joel A. Pisano
                                                  JOEL A. PISANO
                                                  United States District Judge