<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| INDIAN HARBOR INSURANCE COMPANY, | : | |
| Plaintiff, | : | Civil Action No. 13-1889 (MAS) (DEA) |
| v. | : | **MEMORANDUM OPINION & ORDER** |
| NL ENVIORNMENTAL MANAGEMENT SERVICES, INC., et al. | : | |
| Defendants. | : | |

<u>**ARPERT, Magistrate Judge.**</u>

This matter comes before the Court by way of a motion by Defendants NL Industries, Inc. ("NL Industries") and NL Environmental Management Services, Inc. ("EMS") (together, "Defendants") for an Order granting Defendants leave to file an Amended Counterclaim. Plaintiff opposes the motion. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

This action concerns an insurance coverage dispute arising out of claims in a separate lawsuit related to sediment contamination and natural resource damages in the Raritan River. In their Complaint in the instant action, Plaintiff Indian Harbor Insurance Company ("Indian Harbor") seeks a declaration that Defendants are not entitled to defense or indemnification under the relevant policy of insurance (the "Policy"), and further seeks reformation of the Policy. EMS has counterclaimed for a declaration of coverage along with claims for breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and bad

faith.  Defendants seek leave to make two amendments to the existing Counterclaim.  First, they wish to add NL Industries (as a Counterclaimant) to the existing Counterclaim.  Second, they wish to "mak[e] more expressly clear that the Counterclaim includes a claim for Indian Harbor's denial of coverage under the insurance policy at issue (the "Policy") for the abatement of nickel discharges from the certain areas of the Sayerville Site."  ECF 115-1 at 1.

Defendants have moved under the liberal amendment provisions of Federal Rule of Civil Procedure 15.  However, on May 14, 2014, the Court entered a Pretrial Scheduling Order, which set an October 1, 2014 deadline for the filing of any motion to amend the pleadings or to join new parties.  ECF No. 91.  Defendants' motion to amend the Counterclaim was filed eight months after the deadline had elapsed and is, therefore, untimely.  Consequently, before reaching any analysis under Rule 15, the Court must first consider the whether Defendants have shown good cause under Federal Rule of Civil Procedure 16 to permit the untimely filing.  *See* Fed. R. Civ. P. 16(b)(4) (schedule can be modified only for "good cause").  *See*, *e.g.*, *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 339-340 (3d Cir. 2000) (failure to satisfy Rule 16(b)'s "good cause" requirement was sufficient to deny a motion to amend filed six months after the deadline for amendments to pleadings); *Dimensional Communications, Inc. v. OZ Optics, Ltd.*, 148 Fed. Appx. 82, 84-85 (3d Cir. 2005) (reaffirming the "good cause" requirement for determining the propriety of a motion to amend a pleading after the deadline in the Scheduling Order has elapsed) (citing *Eastern Minerals*).  Indeed, district courts within the Third Circuit have consistently held that a party seeking to amend the pleadings after the deadline set by the Court must satisfy the requirements of Rule 16(b)(4), *i.e.*, that party must show "good cause*."* *Ingris v. Borough of Caldwell*, No. 14–855, 2015 WL 3613499 (D.N.J. June 09, 2015) (citing

*Karlo v. Pittsburgh Glass Works*, LLC, No. 10–1283(NBF), 2011 WL 5170445, at *2 (W.D. Pa. Oct.31, 2011) (citing cases)).

The Court concludes here that the Defendants have not established the requisite good cause. As an initial matter, Defendants do not even attempt to meet the standard in their motion papers. Quite to the contrary, Defendants are dismissive of Indian Harbor's assertion that Rule 16's "good cause" standard applies, arguing that "the arbitrarily chosen deadline in the Scheduling Order" does not "trump[] the statute of limitations" for assessing the timeliness of their claim. ECF No. 118 at 2. In fact, Defendants criticize the notion that the deadline in the Pretrial Scheduling Order is "a hard and fast deadline" and argue that there is "nothing special about the deadline … that makes it any more definitive, unmovable, or inviolable than any of the other arbitrary dates in that Order." *Id.* at 2-3. Defendants, however, miss the point. Rule 16 is clear that "[a] schedule may be modified only for good cause and with a judge's consent." Fed. R. Civ. P. 16(b)(4). Here, the deadline for filing a motion to amend had long expired at the time Defendants filed their motion, and the Rules and cases are clear Defendants must establish that good cause exists to allow the untimely filing.

According to Defendants, they "discovered" the basis for their amended claim while preparing for depositions. ECF 115-1 at 3. During this preparation Defendants "carefully reviewed each provision of the Policy" and concluded that, in addition to what was already set out in the Counterclaim, "Indian Harbor also breached the Policy by denying coverage for claims brought against both EMS and NL Industries … regarding the abatement of nickel discharges …." *Id.* There is no explanation, however, as to why Defendants had not "carefully" reviewed the provisions of the Policy (which they quote extensively in their Counterclaim) at any time prior to the amendment deadline in the Scheduling Order or why they did not earlier identify this

additional basis for their Counterclaim.  As Defendants point out, Indian Harbor filed this action over three years prior to the filing of the instant motion, and Defendants have had the Policy in their possession since 2008.  Nor do Defendants provide any explanation as to why Defendants could not have moved to add NL Industries to the Counterclaim prior to the amendment deadline.

"[T]he good cause standard under Rule 16(b) hinges on diligence of the movant…." *Venetec Inter., Inc. v. Nexus Med.*, LLC, 541 F.Supp.2d 612, 618 (D. Del. 2008); *GlobespanVirata, Inc. v. Texas Instruments Inc.*, Civ. No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005).  Although Defendants argue that "Indian Harbor has not identified any legitimate prejudice that would occur from NL's and EMS's amendment of the Counterclaim after the October 1, 2014 deadline," the good cause analysis does not depend on prejudice to the non-moving party.  *Venetec*, 541 F.Supp.2d at 618.  Rather, to demonstrate "good cause" pursuant to Rule 16, the moving party must show that, despite its diligence, the deadlines set forth in the scheduling order could not reasonably be met.  *Id.*  Defendants simply have not made that showing.  Consequently,

IT IS on this 15th day of September, 2015,

ORDERED that Plaintiff's motion [ECF No. 115] to amend its Counterclaim is DENIED.

     /s/ Douglas E. Arpert    
DOUGLAS E. ARPERT, U.S.M.J.